UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN HENDRICKS, )  )  Plaintiff, )  )  vs. )  )  DR. JAMES H. GOSZKOWSKI, )  )  Defendant. ) | Cause No. 1:06-cv-0590-DFH-WTL |

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant's Motion for Summary Judgment. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for reasons set forth below.

### RELEVANT FACTS

The relevant facts of record as viewed in the light most favorable to Plaintiff Susan Hendricks are as follow. On October 9, 2001, Dr. Goszkowski conducted a medical examination of Susan's husband, Jerry Hendricks, who presented with prostate symptoms. Dr. Goszkowski ordered a PSA blood test along with other blood tests, but did not perform a physical examination of Jerry's prostate. When Jerry inquired about the result of the PSA blood test, he was informed that they were not ready yet. Subsequently, Susan called and asked about the results of Jerry's blood tests and was told that everything was fine. It was later discovered, however, that either no blood work had been performed or the test results had been misfiled.

In May of 2002, Jerry was diagnosed with prostate cancer by urologist Dr. Habbe. It was in the advanced stages, and Dr. Habbe stated that if it had been caught earlier Jerry's life expectancy would

be greater and successful treatment would have been more possible. In August 24, 2004, Jerry died of prostate cancer.

Susan subsequently filed a complaint with the medical review panel, which found in favor of the physician. Susan then filed this action alleging that Dr. Goszkowski was negligent in his diagnosis and breached the applicable standard of care, resulting in the death of her husband.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1088(7th Cir. 2000). "The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue." *Bilow v. Much Shelist Freed Deneberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 893 (7th Cir. 2001). "[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment," *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004); rather, "[t]he party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Robin*, 200 F.3d at 1088. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## DISCUSSION

Dr. Goszkowski argues that he is entitled to summary judgment because in a medical

negligence case expert testimony is required to demonstrate that the defendant breached the applicable standard of care and Susan has presented no such expert testimony. The Court agrees.

In a medical malpractice action, the mere fact that an injury occurred generally will not give rise to a presumption of negligence in a medical malpractice action. *Ross v. Olson*, 825 N.E.2d 890, 893 (Ind. App. 2005), *trans. denied*; *Narducci v. Tedrow,* 736 N.E.2d 1288, 1292 (Ind. App. 2000). Rather, a physician is negligent if he fails to conform to the appropriate standard of care; that is, if he fails exercise that degree of care, skill, and proficiency that would be exercised by reasonably careful, skillful, and prudent practitioners in the same class to which the physician belongs, acting under same or similar circumstances. The appropriate standard of care is not a defense, but rather is an element of proof, the burden of proof for which rests with the plaintiff. *Emergency Physicians of Indianapolis v. Pettit*, 718 N.E.2d 753, 757 (Ind. 1999). Therefore, in order to prevail, a plaintiff must present evidence, in the form of expert testimony, regarding what other reasonable doctors similarly situated would have done under the circumstances. *Hassan v. Begley*, 836 N.E.2d 303, 307 (Ind. App. 2005) (in the medical malpractice context, when a medical review panel renders an opinion in favor of the physician, the patient must then come forward with expert medical testimony to rebut the panel's opinion); *McIntosh v. Cummins*, 759 N.E.2d 1180, 1183 (Ind. App. 2001) (same); *Whyde v. Czarkowski*, 659 N.E.2d 625, 627 (Ind. App. 1995) (to determine whether physician's conduct fell below legally prescribed standard of care, plaintiff must present expert testimony to establish what a reasonably prudent physician would or would not have done in treating plaintiff).

Without expert testimony on the appropriate standard of care, Susan cannot demonstrate that Dr. Goszkowski was negligent in his treatment of her husband. As she has presented none, summary judgment must be **GRANTED** in favor of Dr. Goszkowski.

SO ORDERED: 10/03/2006

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

John D. Boren
BOREN OLIVER & COFFEY
johnboren@boclawyers.com

Jeremy Michael Dilts
CARSON BOXBERGER
dilts@carsonboxberger.com

Elmo Allen Griggs
2209 Old SR 37 S
Martinsville, IN 46151

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com